UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERBERT ZINZ,

                                      Plaintiff,

          - against –

EMPIRE CITY SUBWAY COMPANY (LIMITED), THE
CITY OF NEW YORK, CONSOLIDATED EDISON
COMPANY OF NEW YORK INC. and OPTICAL
COMMUNICATIONS, INC.,

                                      Defendants.

---

MEMORANDUM OF LAW IN SUPORT OF MUNICIPAL
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

                                      DAVID M. SANTORO
                                      Attorney for Defendant
                                      Consolidated Edison Company
                                          Of New York, Inc.
                                      4 Irving Place
                                      18th Floor
                                      New York, New York  10003
                                      avilesa@coned.com

ALEXANDER C. AVILES
Of Counsel
September 2, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERBERT ZINZ,<br><br>                                        Plaintiff,<br><br>- against -<br><br>EMPIRE CITY SUBWAY COMPANY (LIMITED), THE CITY OF NEW YORK, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. AND OPTICAL COMMUNICATIONS, INC.,<br><br>                                        Defendants. | Docket No.:<br>113CV4415 (LGS).<br><br><br><br>MEMORANDUM<br>OF LAW |

Defendant, Consolidated Edison Company of New York, Inc. ("Con Edison"), submits this Memorandum of Law in support of this motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, since there are no questions of law or fact for a jury to resolve with respect to Con Edison's alleged negligence.

## STATEMENT OF FACTS

On March 30, 2013, Plaintiff, tripped and fell in a hole which crossing the intersection of Broadway and Spring Street in Manhattan. See Wanner Decl. Exhibit E, plaintiff's Gen. Mun. Law Section 50h hearing page 9. The hole that caused his fall was located within the intersection, not in the crosswalk but adjacent to the crosswalk. See Wanner Decl. Exhibit E, pages 34 – 35. Con Edison does have gas lines that run under the ground in the area where the plaintiff's trip and fall took place. See Declaration of Darrell John dated September 2, 2014, Exhibit O, Deposition of Kelly Cassidy, at page 17, 33, 34.

Con Edison produced records known as Opening Tickets, which demonstrate all roadway work performed by Con Edison and/or its contractors at or near the intersection of Broadway and Spring Street in Manhattan, for a period of five years up to and including March 30, 2013. See Aviles Declaration, Exhibit "B." Based on these search parameters, 7 separate

Opening Tickets, which demonstrate the date the work was performed, the size of the opening, the date work was performed and most importantly for purposes of this motion, the location of the work performed, were disclosed and discussed by Mr. Keogh.  See Aviles Declaration, Exhibit "A" Deposition of Patrick Keogh page 8.  As will be shown below, NONE of the work performed by Con Edison at the intersection was done in the location adjacent to the crosswalk where the plaintiff's tripped and fell.

Opening Ticket PI 182042 shows work performed on the northeast corner of Broadway and Spring Street consisting of a five foot by five foot cut surrounding a Con Edison electric manhole.  See Aviles Declaration, Exhibit "A" Deposition of Patrick Keogh page 10. Opening Ticket PI 215064 shows work performed on the northwest corner of Broadway and Spring Street in connection with an NFL (National Football League) parade route.  See Aviles Declaration Exhibit "A", Deposition of Patrick Keogh page 14.  Opening Ticket PI 210777 shows work performed on the southeast corner of Broadway and Spring, 8 feet in length by 7 feet in width, surrounding a round Con Edison manhole cover.  See Aviles Declaration, Exhibit "A", Deposition of Patrick Keogh page 16.  As is demonstrated by testimony and records above, none of the work performed by Con Edison at the intersection was performed in the area of the eastern crosswalk or the area adjacent to the crosswalk where the plaintiff tripped and fell.  In a nutshell, the work performed by Con Edison was north of the accident location at the northeast corner, west of the accident location on the other side of the intersection and south of the accident location on the southwest corner, and all corner work was confined to area surrounding Con Edison manhole covers.  It should be noted that no one is claiming that any of this work was actually at the accident location.

The above discussed Opening Tickets represent all of the work performed by Con Edison in the actual intersection of Broadway and Spring Streets in Manhattan. The balance of the Opening Tickets PS 672893, PS 623151, PS 687746C and PS 684016, are all for work on either the roadway of Broadway itself or Spring Street itself and not on or about the intersection in question of Broadway and Spring Streets. In the interests of brevity, the Opening Tickets, while disclosed and discussed in Mr. Keogh's testimony will not be discussed herein as they are clearly not "in play" and are irrelevant to this discussion.

## PERTINENT LEGAL PRINCIPLES

As this is a diversity jurisdiction case, pursuant to 28 U.S.C. Section 1332, this Court sits much as a state trial court would in New York, applying New York substantive law.

The standard on a motion for summary judgment, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law. The moving party bears the burden of showing that it is entitled to summary judgment. Once the moving party has met its burden, the nonmoving party must come forward with specific facts showing that there is a "genuine issue for trial."

In a case such as this, where Con Edison does not own the manhole cover adjacent to the location where the plaintiff tripped and fell, liability can only be predicated if it can be proven that Con Edison performed work on the area of roadway in question at some point prior to the plaintiff's accident location. See *Levine v. City of New York,* 101 A.D.3D 419, 420 (1st Dept. 2012). In other words, it must be proven that the work of Con Edison somehow caused and created the roadway defect in question. In the absence of any records showing work performed specifically in the area of the accident, under New York State Law, summary

judgment is appropriate. See, *Gubenko v. City of New York*, 111 A.D.3d 471 (1st Dept. 2013), *Jones v. Consolidated Edison Co. of NY, Inc.*, 95 A.D.3d 659 (1st Dept. 2012).

In this case, there is absolutely no dispute that the roadway work performed by Con Edison in the general area of the intersection of Broadway and Spring Street was NOT in the intersection crosswalk area where the plaintiff tripped and fell. With respect to the Con Edison records, no one is arguing otherwise. The closest Con Edison work to the location was the work perfomed in the northeast and southeast corners, both specifically pertaining to Con Edison manholes, which are not in play here. The plaintiff's sole theory of liability as to Con Edison is that since gas lines run underneath the area in question, work "must" have been performed by Con Edison, even in the absence of any proof whatsoever. However, as this Court is well aware, Con Edison has gas, electric and steam facilities underneath virtually the entire City of New York. Any liability found against Con Edison would be based purely on speculation and nothing more. But plaintiff's speculation, surmise, "expressions of hope, or unsubstantiated allegations or assertions are insufficient" to defeat Con Edison's motion for summary judgment. *Zuckerman v. City of New York*, 49 N.Y.2d 557 at 598 (1980); see also *Crawford v. City of New York*, 98 A.D.3d 935, 937 (1st Dep't 2012). Mere surmise, suspicion, speculation, and conjecture are insufficient to defeat a motion for summary judgment, *Fredette v. Town of Southampton*, 95 A.D.3d 939 (2nd Dept. 2012). It is the plaintiff's burden to prove to the jury that Con Edison affirmatively performed work on the specific area of the roadway in question. Without such proof, there is no issue of fact with respect to the liability of Con Edison.

## CONCLUSION

The record affirmatively demonstrates that Con Edison did not perform work in the specific area of the intersection where the plaintiff tripped and fell. The fact that Con Edison has gas lines that run underneath the area in question, standing alone, is insufficient to hold Con Edison liable.

Dated:     New York, New York
           September 2, 2014

                                        Yours, etc.,

                                        DAVID M. SANTORO
                                        Attorney for Defendant
                                        Consolidated Edison Company
                                             Of New York, Inc.
                                        4 Irving Place
                                        New York, New York  10003

                              By:       _____
                                        Alexander C. Aviles (AA 2899)